### BILL JENKINS v. THE STATE.

No. 21266.  Delivered November 27, 1940.
Rehearing Denied January 22, 1941.

The opinion states the case.

*Collins, Williams, Hatchell & Garrison,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the theft of a hog alleged to be the property of Drewie Stanley, and was assessed a penalty of two years in the state penitentiary.

A rather lengthy statement of facts accompanies the case, but there are no bills of exception and the only question before us for consideration is whether or not the evidence introduced is sufficient upon which the jury may have found the defendant guilty. We have concluded from an examination of the statement of facts that not only was the evidence sufficient, but considered with all the facts and circumstances, presents a very strong case against the appellant.

The country surrounding the residence of the injured party is open timber country where hogs run at large throughout the year. A number of the inhabitants own hogs in large numbers which range in territory whose bounds are fairly well fixed, though the ranges are overlapping. The theft is alleged to have taken place on or about the 30th day of November, 1938. During this period of time quite a number of the owners of hogs were riding the woods looking after them, sometimes alone and frequently two or more together. Two witnesses who were thus engaged came across a truck parked by the side of a road which attracted their attention. The drivers of the truck were not

there. These range riders waited for the return of the owner of the truck. As night neared they decided that they would move away and, as they started, two parties, appellant and another, approached the truck and were about twenty-five yards from the witnesses before either discovered the other. As they did so, appellant and his companion turned immediately and retreated in the woods which was described as a thicket. Appellant was carrying a tow sack with something which proved to be three pigs. The witnesses made their way through the thicket and overtook appellant as he was trying to let the pigs out of his sack. A sandy colored pig which bore the mark of Drewie Stanley was pulled out of the sack in the presence of one of the witnesses. It seemed frightened and ran for refuge under a myrtle bush. The witness examined it and identified it as having the mark of Drewie Stanley and also as one that he had seen with a particular sow belonging to Stanley. This sow had five pigs, four of which were black and one slightly colored. Appellant, when questioned by the range riders about the pigs, claimed that he was aiding his companion and was only hired to do so; that his companion claimed to be the owner of a sow and some pigs in the territory. He was warned by the witnesses that his companion had no hogs in that country. Nevertheless, he and his companion carried away the two pigs remaining in the sack and appellant admits that in their transactions he became the possessor and owner of these two black pigs, and that he disposed of them at a nominal price to some buyer whose name is not disclosed.

There is much other evidence in the case, none of which was calculated to help appellant before the jury. The necessary jurisdictional facts, lack of consent by the owner, etc., are found in the statement of facts.

The foregoing evidence, considered with all the circumstances of the case, is sufficient upon which the jury might have found appellant guilty. They did do so and it is not within the province of this court to set aside their verdict. The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for rehearing, strenuously insists that we were in error in our original opinion in holding the evidence sufficient to justify and sustain his conviction. In

view of his contention, we deem it but fair to ourselves, as well as to appellant, to summarize the facts as developed upon the trial.

The state's testimony, briefly stated, shows that Drewie Stanley had a sandy-colored sow with five pigs running on the open range. Four of the pigs were black in color and one, a female, was sandy-colored with black spots. The female pig was marked while the others were not. On or about the 30th day of November, 1938, while Jack Rushing and Frank Boulware were riding the range looking for hogs, they saw this sow with her five pigs. Some two or three hours later, they saw a truck parked some distance from the road in the vicinity of where this sow and her pigs ranged. They watched this truck for quite a while, expecting the owner to make his appearance. After waiting for something like two or three hours, they observed the appellant (Bill Jenkins) and Al Varner, coming from the west and going in the direction of where the truck was parked. Appellant at the time was carrying a sack on his shoulder with some object therein. Rushing and Boulware rode toward where the appellant and Varner were, and when they saw Rushing and Boulware approaching, they turned and started walking in the opposite direction. Appellant was seen to lower the sack and take out a sandy-colored pig with black spots, which bore Stanley's mark, and liberated it. The other two black pigs in the sack were of the same size. About two days later, Boulware again saw the sow at which time there was only three pigs with her. Two of the five pigs which she had two days prior thereto were missing and were never seen thereafter. No dead pigs were found by any one on the range.

It is true that appellant denied stealing the pigs. He said that he was hired by Varner to assist him in catching the pigs. However, there is some testimony to the effect that appellant left the county the day before the indictment was returned against him and was not apprehended until nearly a year later. Appellant took the two black pigs home in the sack and a few days later sold them for the price of one dollar each to some unknown person who came through the country buying pigs. The appellant's testimony to the effect that he purchased the pigs from Varner, like all other defensive evidence, was disregarded by the jury.

We are of the opinion that the foregoing condensed statement of the facts is sufficient upon which the jury could reasonably base their conclusion of the appellant's guilt.

We therefore overrule the appellant's motion for rehearing.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.